| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

KODY DWAYNE ARDOIN, §
§
     Movant, §
§
versus §   CIVIL ACTION NO. 1:19-CV-180
§
UNITED STATES OF AMERICA, §
§
     Respondent. §

## MEMORANDUM OPINION AND ORDER

Movant, Kody Dwayne Ardoin, a federal prisoner currently confined at FCI Three Rivers, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Currently pending is a Motion for Reconsideration filed pursuant to Federal Rule of 60(b) (#30).  Movant, in essence, asks the court to reconsider final judgment in this case in light of his untimely objections.

The Motion for Reconsideration was filed more than 28 days after entry of the final judgment.  As such, the pending motion is proper under Federal Rule of Civil Procedure 60(b) which states:

> "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> 1.     Mistake, inadvertence, surprise, or excusable neglect;
>
> 2.     Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> 3.     Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    4.       The judgment is void;

    5.       The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    6.       Any other reason that justifies relief.

FED. R. CIV. P. 60(b). Movant does not state what ground for relief he seeks. As a result, the court analyzes the motion as one seeking reconsideration for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(6).

In his motion to vacate, set aside, or correct sentence, Movant argued (1) his "defense counsel was ineffective in bringing a collateral challenge to a materially false and unreliable presentence investigation report which served as a basis to sentencing" and (2) "was ineffective in bringing a collateral challenge to the metting [sic] of sentencing guidelines manual police objectives where a firearm and leadership role enhancements were assessed." (#1). In the Report and Recommendation, the magistrate judge outlined trial counsel's efforts in objecting to the amount of cocaine base attributable to the conspiracy and to the enhancements for possession of a firearm and being a manager and/or supervisor. Report & Recommendation, pgs. 7 & 9 (#9). The record reflects that counsel did object, and with some success, as it relates to the drug quantity.[1]

As outlined by the magistrate judge, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). A court must engage in a "strong presumption that counsel's conduct falls within the wide range of professional

---

[1] The objections to the drug quantity did yield a lower drug quantity but not enough to lower the offense level.

2

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 690.  Here, counsel engaged in lengthy advocacy regarding both issues.  Hindsight examination of counsel's strategic decisions is generally precluded by *Strickland*.  466 U.S. at 689.  This court, like the magistrate judge, is hard-pressed to find counsel's performance deficient.  Based on the foregoing, it is,

ORDERED that Movant's Motion for Reconsideration in light of the Objections (#30) is DENIED.

Furthermore, the court is of the opinion Movant is not entitled to a certificate of appealability.  An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253.  The standard for a certificate of appealability requires Movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, Movant need not establish that he would prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reasons, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of Movant, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Movant has not shown that the issues are subject to debate among jurists of reasons or worthy of encouragement to proceed further. A certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 8th day of March, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE