| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

KODY DWAYNE ARDOIN, §
§
    Movant, §
§
versus § CIVIL ACTION NO. 1:19-CV-180
§ (1:15-CR-119(5))
UNITED STATES OF AMERICA, §
§
    Respondent. §

## MEMORANDUM OPINION AND ORDER

Movant, Kody Dwayne Ardoin, a federal prisoner currently confined at Manchester Federal Correctional Institution, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Currently pending is a Motion to Reconsider Rule 60(b) Motion (#33), a Motion to Vacate/Reopen (#35), and a Motion for Leave to Amend Motion to Vacate, Set Aside or Correct Sentence (#36). Having considered the motions, the record, and the applicable law, the court is of the opinion that the motions should be denied.

Movant filed his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on April 11, 2019 (#1). On August 6, 2021, Magistrate Judge Zack Hawthorn issued a Report and Recommendation recommending the motion be denied on the merits (#9). Movant then filed a Motion to Dismiss on August 27, 2021 (#10). In the latter, Movant specifically stated he sought to "cancel" his motion to vacate, set aside, or correct sentence, explaining that he wished to pursue "other avenues to claim his innocence under a new petition." As a result, the court partially adopted the report and recommendation and entered Final Judgment on August 30, 2021, dismissing the case without prejudice (#11-12).

Since that time, the court has addressed several post-judgment motions filed by Movant (#14-16, 18-21, 24-27, 30-31). In its most recent order entered March 8, 2024, the court reconsidered the Final Judgment in light of Movant's untimely objections (#32). The court considered the findings of the magistrate judge in the August 6, 2021, report and recommendation, finding no error after considering Movant's objections, and denied the motion. The court also denied a certificate of appealability. This was a *de novo* review of the findings of the magistrate judge under 28 U.S.C. § 636(b) even though Movant moved to voluntarily dismiss his claims.

Now pending is Movant's Motion to Reconsider Rule 60(b) motion (#33) which argues that the court failed to conduct a *de novo* review of the findings of the magistrate judge after Movant filed his objections. The record refutes this assertion, and the motion provides no basis for relief.

Also pending are Movant's Motion to Vacate/Reopen (#35) and Motion for Leave to Amend Motion to Vacate, Set Aside, or Correct Sentence (#36). In both, Movant seeks to vacate the judgment and amend his claims four years after the entry of final judgment on August 6, 2021. Movant asserts that he could not appeal the final judgment because he moved to voluntarily dismiss his claims. Movant proceeds under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6), arguing that it was a mistake for him to seek voluntary dismissal under 60(b)(1) and that extraordinary circumstances exist under 60(b)(6) because he was denied a fair and full adjudication of his claims under § 2255 and appellate review.

Notwithstanding the untimeliness of the present motion under Rule 60(b)(1), Movant must "make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). There is nothing unusual or unique about Movant's decision to move to voluntarily dismiss the § 2255 motion. Nor is there anything

2

unusual or unique about this court's decision to grant Movant's request to reconsider the report and recommendation in light of Movant's objections after his first 60(b) motion. Movant could have appealed the court's decision overruling the objections, but chose not to. While *pro se* prisoners are afforded liberal treatment, they still must comply with the procedural rules. *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010); *Moss v. Clerk*, No. 2:10-CV-0259, 2014 WL 947325, at *5 (N.D. Tex. Mar. 11, 2014); *accord United States v. Beckton*, 840 F.3d 303, 306 (4th Cir. 2014). As this court can find no unusual or unique circumstances justifying relief under 60(b)(1), the motion for reconsideration under Rule 60(b)(1) will be denied. "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court." *Lyles v. Medtronic Sofamor Danke, USA, Inc.*, 871 F.3d 305, 316 (5th Cir. 2017).

Movant's request for relief under Rule 60(b)(6) fairs no better. Rule 60(b)(6) is a "catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 593 n.19 (5th Cir. 2014) (quoting *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)); *see Buck v. Davis*, 580 U.S. 100, 123-34 (2017); *Webb v. Davis*, 940 F.3d 892, 899 (5th Cir. 2019). Movant offers no other justification for this court to grant the relief requested and there are no extraordinary circumstances present justifying relief. *Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010) (quoting *Batts v. Tow-Motor Forklife Co.*, 66 F.3d 743, 747 (5th Cir. 1995)); *Guevara v. Davis*, 679 F. App'x 332, 334 (5th Cir. 2017); *Boissier v. Katsur*, 676 F. App'x 260, 264 (5th Cir. 2017). Movant could have appealed this court's March 8, 2024, order denying his first motion

for reconsideration in light of the late objections but failed to do so. Movant's motion for reconsideration under Rule 60(b)(6) is without merit. It is,

ORDERED that Movant's Motion to Reconsider Rule 60(b) (#33), Motion to Vacate/Reopen (#35), and Motion for Leave to Amend Motion to Vacate, Set Aside, or Correct Sentence (#36) are DENIED.

SIGNED at Beaumont, Texas, this 21st day of August, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE