| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| KODY DWAYNE ARDOIN, | § |
| | § |
| Movant, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 1:19-CV-180 |
| | § 1:15-CR-119(5) |
| UNITED STATES OF AMERICA, | § |
| | § |
| Respondent. | § |

## MEMORANDUM OPINION AND ORDER

Movant, Kody Dwayne Ardoin, a federal prisoner currently confined at Manchester Federal Correctional Institution, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Currently pending is a *Pro Se* Motion for Clarification (#39), a Motion for Reconsideration re Memorandum Opinion and Order (#41), and Motion to Amend Motion for Reconsideration re Memorandum Opinion and Order (#42). Having considered the motions, the record, and the applicable law, the court is of the opinion that the motions should be denied.

Movant filed his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on April 11, 2019 (#1). On August 6, 2021, Magistrate Judge Zack Hawthorn issued a Report and Recommendation, recommending the motion be denied on the merits (#9). Movant then filed a Motion to Dismiss on August 27, 2021 (#10). In the latter, Movant specifically stated he sought to "cancel" his motion to vacate, set aside, or correct sentence, explaining that he wished to pursue "other avenues to claim his innocence under a new petition." As a result, the court partially adopted the report and recommendation and entered Final Judgment on August 30, 2021, dismissing the case without prejudice (#11-12).

Since that time, the court has addressed several post-judgment motions filed by Movant (#14-16, 18-21, 24-27, 30-31). On March 8, 2024, the court reconsidered the Final Judgment in light of Movant's untimely objections (#32). The court considered the findings of the magistrate judge in the August 6, 2021, report and recommendation and, after considering Movant's objections, denied the motion. The court also denied a certificate of appealability. This was a *de novo* review of the findings of the magistrate judge under 28 U.S.C. § 636(b) even though Movant moved to voluntarily dismiss his claims. On August 21, 2025, the court denied Movant's Motion to Reconsider, Motion to Vacate/Reopen, and Motion for Leave to Amend Motion to Vacate, Set Aside, or Correct Sentence (#38). Now pending is a *Pro Se* Motion for Clarification (#39), a Motion for Reconsideration re Memorandum Opinion and Order (#41), and Motion to Amend Motion for Reconsideration re Memorandum Opinion and Order (#42).

With respect to the *Pro Se* Motion for Clarification, Movant asks the court why his Motion to File a Rule 52(b) for Plain Error Review was not construed as a motion pursuant to Federal Rule of Criminal Procedure 36. As Movant ultimately voluntarily dismissed this case, the court initially denied Movant's Rule 52(b) Motion for administrative and statistical purposes only, after instructing the Clerk of Court to provide Movant a copy of the Memorandum Opinion and Order and Final Judgment in this case and instructing him to re-file the motions at his discretion. Movant chose not to do so and, four years after Final Judgment, asks the court for clarification. Movant offers no explanation why the disposition with respect to his Motion to File Rule 52(b)

2

for Plain Error Review has any bearing on the ultimate merits of his claims under 28 U.S.C. § 2255. This motion is neither timely, nor in proper form, and is, therefore, denied.[1]

As to the remaining motions, Movant's Motion to Amend Motion for Reconsideration re Memorandum Opinion and Order (#42) supersedes Movant's Motion for Reconsideration re Memorandum Opinion and Order (#41). As a result, Movant's Motion for Reconsideration re Memorandum Opinion and Order (#41) is moot. As to the substance of Movant's Motion to Amend Motion for Reconsideration re Memorandum Opinion and Order, the court liberally construes this as an Amended Motion for Reconsideration of this court's August 21, 2025, Memorandum Opinion and Order denying Movant's Motion to Reconsider 60(b), Motion to Vacate/Reopen, and Motion for Leave to Amend Motion to Vacate, Set Aside, or Correct Sentence (#38). Movant complains that the court did not consider his claims of ineffective assistance of appellate counsel. No such claims are before this court. The only two claims listed in Movant's motion to vacate, set aside, or correct sentence were ineffective assistance of trial counsel for failing to bring a collateral challenge to a materially false and unreliable presentence investigation report and to the sentencing guidelines manual policy objectives where a firearm and leadership role enhancements were assessed. This is, in essence, a request for a constructive amendment four years after Final Judgment, and it is improper. Hence, Movant's Amended Motion for Reconsideration (#42) is procedurally improper and is denied. For the foregoing reasons, it is,

---

[1] Movant also asks for clarification with respect to a motion pending in his criminal case. Any such request should be filed in the criminal case.

ORDERED that Movant's Pro Se Motion for Clarification (#39) and Amended Motion for Reconsideration (#42) are DENIED as untimely and procedurally improper. Movant's Motion for Reconsideration re Memorandum Opinion and Order is DENIED as MOOT.

The court admonishes Movant that Final Judgment was entered in this case on August 30, 2021. This court has reconsidered a judgment on the merits and considered numerous post-judgment motions filed by Movant at length, yet Movant has failed to file an appeal. Movant's post-judgment motions border on vexatious and harassing and the court may consider imposing sanctions on any further filings by Movant.

SIGNED at Beaumont, Texas, this 23rd day of January, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE