**UNITED STATES DISTRICT COURT**    **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| KODY DWAYNE ARDOIN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:19-CV-180 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Kody Dwayne Ardoin, a federal prisoner, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. After the magistrate judge issued a report and recommendation addressing the merits (#9), Movant filed a Motion to Dismiss the § 2255 Motion (#10). On August 30, 2021, the Motion to Dismiss was granted (#11), and the § 2255 Motion was dismissed without prejudice (#12). Movant has filed multiple post-judgment motions seeking review of the judgment and untimely objections to the report and recommendation. On March 8, 2024, the court conducted a *de novo* review of the objections, denied Movant's Motion for Reconsideration, and determined that a certificate of appealability would not be issued (#32). Movant did not appeal the ruling. Instead, he continued to file post-judgment motions. On January 23, 2026, the court denied multiple motions and warned Movant that filing additional post-judgment motions might invite the imposition of sanctions (#43). Movant subsequently filed another motion (#45) seeking relief from the judgment and also to disqualify the district judge pursuant to 28 U.S.C. § 455.

The court will first address disqualification. A federal judge must disqualify herself in any proceeding in which her impartiality might reasonably be questioned. 28 U.S.C. § 455(a).

Disqualification is appropriate if a reasonable person, with knowledge of all the circumstances, would question the court's impartiality. *United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998). Movant points to previous rulings in this case as evidence of bias, but prior judicial rulings rarely constitute a valid basis for a motion to recuse or disqualify. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). This case is not an exception to that general rule. Movant has not alleged any facts that would cause a reasonable person to question the court's impartiality. Thus, the motion to disqualify shall be denied.

Next, Movant requests relief from the judgment. Federal Rule of Civil Procedure 60(b) allows the court to grant a party relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied or it is no longer equitable for the judgment to have prospective application; or (6) any other reason that justifies relief. In this instance, Movant claims that the court did not address the merits of his claims or conduct a *de novo* review of his objections. Although Movant voluntarily dismissed the § 2255 Motion, the court later conducted a *de novo* review of his untimely objections and denied his claims on the merits. Because Movant has not alleged any grounds warranting relief from the judgment, the current motion for relief should be denied.

Movant has not appealed any of the court's previous rulings. Instead of appealing, he continued to file repetitious post-judgment motions. Movant was warned about filing vexatious and harassing motions and that further filings may result in the imposition of sanctions. Because Movant did not heed those warnings and filed another motion seeking relief from the judgment,

the court will no longer entertain any additional post-judgment motions in this action. It is accordingly

**ORDERED** that Movant's Motion for Relief and for Recusal (#45) is **DENIED**. Movant is **BARRED** from filing any additional pleadings in this action, except for a notice of appeal and a motion for leave to proceed *in forma pauperis*.

SIGNED at Beaumont, Texas, this 22nd day of July, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE